53 F.3d 339
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Terrence QUEEN, Plaintiff-Appellant,
v.
ALBERTSON'S, INC., Defendant-Appellee.
 No. 93-56677.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 3, 1995.
Decided April 14, 1995.
 
 1
 Before: D.W. NELSON and CANBY, Circuit Judges, and TANNER* District Judge
 
 
 2
 MEMORANDUM**
 
 
 3
 Terrence Queen brought this action against Albertson's, Inc., alleging racial discrimination in violation of 42 U.S.C. Sec. 1981 and the California Fair Employment and Housing Act. The district court dismissed his complaint, without leave to amend, pursuant to Fed.R.Civ.P. 12(b)(6). We reverse the district court's dismissal of Queen's action.
 
 
 4
 The district court erred in dismissing Queen's complaint on the ground that Queen waived his right to assert federal and state employment discrimination claims when he entered into a 1990 grievance settlement. It is true that Queen alleged a settlement of all of his claims cognizable at the time the grievance proceeding was terminated. That settlement, however, did not waive claims arising from future conduct. Accordingly, if Queen's complaint included allegations of discrimination occurring after the date of the settlement, dismissal was improper.[1]
 
 
 5
 In reviewing dismissal of a complaint under Rule 12(b)(6), we read the nonmoving party's complaint charitably and assume that general allegations embrace whatever facts might be necessary to support them. Peloza v. Capistrano Unified School Dist., 37 F.3d 517, 521 (9th Cir.1994). Paragraphs 11 and 14 of Queen's complaint allege that Queen was discriminated against while employed at Albertson's, and the complaint never states that the discrimination ceased when the parties entered into the settlement. In addition, paragraph 13 of the complaint states that since the settlement was entered into, Queen has been passed over for promotions in violation of the settlement "and in blatant furtherance of Albertson's racially discriminatory practices." (Emphasis added). This assertion can be read as an allegation that Albertson's not only disregarded the settlement, but that it also continued to discriminate against Queen after the parties entered into the settlement. Because Queen's complaint, construed in the light most favorable to Queen, includes allegations that Albertson's discriminated against Queen after the parties entered into the 1990 settlement, it was inappropriate for the district court to dismiss the complaint on the ground that Queen failed to allege post-settlement discrimination.
 
 
 6
 Because we conclude that dismissal was inappropriate, we need not decide whether the district court erred in refusing to allow Queen to amend his complaint.[2] However, we note that, contrary to the district court's suggestion, there is nothing in Queen's complaint indicating that such an amendment would have been futile because Queen failed to exhaust his administrative remedies. With regard to Queen's state-law claim, paragraph 20 of the complaint alleges that Queen filed a complaint with the California Department of Fair Employment and Housing and received a right-to-sue letter from that agency. As for his federal claim, Queen was not required to file a charge with the EEOC before bringing a section 1981 action. See Morrison v. Jones, 607 F.2d 1269, 1275 (9th Cir.1979), cert. denied, 445 U.S. 962 (1980).
 
 
 7
 REVERSED.
 
 
 
 *
 Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 At oral argument, Queen agreed that he was pursuing only claims of post-settlement discrimination, and that he does not seek relief in this court for breach of the settlement agreement. Thus, our remand for further proceedings does not warrant consideration of claims of pre-settlement discrimination or breach of the settlement agreement
 
 
 [2]
 Nothing in our disposition of this appeal precludes the district court from permitting Queen to amend his complaint to clarify the post-settlement discrimination claims that he stated somewhat tangentially in his original complaint